DA 13-0023

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 180N

IN RE THE MARRIAGE OF:
BERNITA FUNK,

      Petitioner and Appellee,

  and

KEVIN FUNK,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DR 09-45
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Kevin Funk (Self-Represented), Big Arm, Montana

      For Appellee:

         Kay Lynn Lee, Henning, Keedy & Lee, P.L.L.C., Kalispell, Montana

Submitted on Briefs:  June 26, 2013

Decided:  July 9, 2013

Filed:

_____
                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kevin and Bernita June Funk (Kevin and June, respectively) were married in Polson, Montana, in December 1990. In 1996, Kevin inherited 2.5 acres of lakefront property on Flathead Lake and 113 acres of nonlakefront property. In February 2009, June filed for dissolution in the Twentieth Judicial District Court, Lake County. In distributing the marital assets upon dissolution, the District Court included Kevin's inherited real property in the marital assets and awarded a portion to June. Kevin appealed to this Court, which affirmed in part and remanded in part. *Marriage of Funk*, 2012 MT 14, 363 Mont. 352, 270 P.3d 39.

¶3 We held in *Funk* that a court must equitably apportion between the parties all assets and property of the spouses, however and whenever acquired, including preacquired property and assets acquired by gift, bequest, devise, or descent. *Funk*, ¶¶ 19, 34 (citing § 40-4-202, MCA). We further held that when distributing preacquired property or assets acquired by gift, bequest, devise, or descent, the court must consider the contributions of the other spouse to the marriage, and take account of the three factors set forth in § 40-4-202(1)(a)-(c), MCA. *Funk*, ¶ 19. "The court's decision with respect to this category of property must affirmatively reflect that each of these factors was considered and analyzed, and must be based on substantial evidence." *Funk*, ¶ 19.

¶4     Here, the District Court, citing "June's primarily non-monetary but nevertheless substantial and valuable contributions to the marriage *as well as the preservation of the real property*," awarded her one-half the value of the lakefront property and one-third the increased value of the remaining property. *Funk*, ¶ 23. The court also ordered Kevin to pay June $344,167 within six months of the decree. *Funk*, ¶ 23. The court failed, however, to indicate what contributions June had made to "the preservation of the real property" and whether the award was made in whole or in part in lieu of maintenance. *Funk*, ¶ 24; *see* § 40-4-202(1)(a)-(c), MCA. We thus remanded the case "for further evaluation of this issue in accordance with this Opinion." *Funk*, ¶ 24. We directed the court "to assess the factors set forth in § 202(1) in determining the legal basis for an award to June of a portion of the value of the lakefront property." *Funk*, ¶ 30. We emphasized, though, that the court's overriding obligation is "to equitably apportion all of the property, based upon the unique factors of [the] case." *Funk*, ¶ 34.

¶5     On remand, the District Court considered the parties' previous testimony at trial and all related pleadings, and then entered its Post Remand Amendment to Findings of Fact, Conclusions of Law and Order of Decree of Dissolution. The court determined the parties' net worth to be $1,144,547. Regarding Kevin's inherited property, the court observed that "neither of the parties made much, if any, contribution to preserve or improve" the property. Rather, they "appeared to rely on it as wealth that allowed both parties to stay home." The court specifically found that "June's contributions to the marriage were as important and as significant as Kevin's." After considering each of the factors listed in § 40-4-202(1), MCA, the court awarded June one-half the current value of the lakefront property and one-third the

3

value of the nonlakefront property. The court noted that the distribution of property set forth in the amended decree "is an award of property in lieu of maintenance." Finally, based on § 40-4-110, MCA, the court awarded June her attorney's fees (totaling $59,612.07) and costs.

¶6 Kevin (self-represented) now appeals, alleging various errors in the District Court's decision. In her answer brief, June asserts that Kevin's claims on appeal deal with issues that were determined by the District Court in its original decree and either were not appealed by Kevin, or were upheld by this Court, in the prior appeal. She argues that law-of-the-case principles, therefore, bar Kevin from pursuing those issues in the present appeal. *McCormick v. Brevig*, 2007 MT 195, ¶ 38, 338 Mont. 370, 169 P.3d 352. The one exception concerns attorney's fees and costs, but June maintains that the District Court did not abuse its discretion in making this award and that the District Court's decision should be affirmed.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the record and the parties' briefs, it appears that the District Court complied with our remand instructions in *Funk*. Kevin has failed to demonstrate any error or abuse of discretion in the District Court's Post Remand Amendment to Findings of Fact, Conclusions of Law and Order of Decree of Dissolution.

¶8 Affirmed.

/S/ LAURIE McKINNON

We Concur:

4

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE